UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

BORIS DAVIDOFF,
OLGA DAVIDOFF,
LEONARD DAVIDOFF,
YURIY DAVIDOFF,
JAMES BRUCE and
VLADIMIR KATS, on behalf of themselves and
others similarly situated,                                      Case No.:

                                    Plaintiffs,                 COMPLAINT

           -against-                                            ERISA COLLECTIVE
                                                                ACTION

THE VANGUARD GROUP, INC.,

                                    Defendant.

-------------------------------------------------------------------------------X

The Plaintiffs, **BORIS DAVIDOFF OLGA DAVIDOFF, LEONARD DAVIDOFF, YURIY DAVIDOFF, JAMES BRUCE, and VLADIMIR KATS,** ("Plaintiffs"), on behalf of themselves and others similarly situated, by way of Complaint against the Defendant **THE VANGUARD GROUP, INC.** ("Defendant" or "Defendant **THE VANGUARD GROUP, INC.**") by their undersigned attorneys, depose and say as follows:

### JURISDICTION AND VENUE

1.      Plaintiffs bring this action pursuant to 29 U.S.C. §1132(a), which provides that participants or beneficiaries in an employee retirement plan may pursue a civil action on behalf of the plan and/or participants to remedy breaches of fiduciary duty and other violations of ERISA for monetary and appropriate equitable relief.

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, because it is a civil action arising under the laws of the United States, and exclusive jurisdiction under ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

1

3.      Venue is proper in this District pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because  multiple defendants may be found in this District. Venue is also proper in this District pursuant to 28 U.S.C. §1391(b) because multiple defendants reside and/or do business in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

4.      Plaintiffs **BORIS DAVIDOFF, OLGA DAVIDOFF, YURIY DAVIDOFF** are residents of the County of NASSAU, State of New York.

5.      Plaintiffs **LEONARD DAVIDOFF** and **VLADIMIR KATS** are residents of the County of QUEENS, State of New York.

6.      Plaintiff **JAMES BRUCE** is a resident of the County of KINGS, State of New York

7.      Upon information and belief, the Defendant **THE VANGUARD GROUP, INC.** is a foreign corporation that is authorized to do business in New York with its principal place of business at 100 Vanguard Blvd Malvern, PA, 19355. The Defendant is in the business of providing investment funds and other financial vehicles to its clients.

## GENERAL ALLEGATIONS

8.      This is a class action under the Employee Retirement Income Security Act (ERISA) of 1974, 29 USC §§ 1001 et seq., more specifically § 1132 (a)(1).

9.      Plaintiffs are participants under the 'Metropolitan Learning Institute' Pension Plan ("Metropolitan Plan" or "Plan"), an ERISA plan which provided coverage for pension benefits to Plaintiffs as an employee of Metropolitan Learning Institute ("MLI" or "Metropolitan"). The Plan is a defined contribution plan under ERISA for eligible employees to contribute a portion of their income towards their retirement savings.

10.     Plaintiffs began paying into the Metropolitan Plan on or about 2002.

11.     On June 1, 2022, plaintiffs sent a pension contribution to the Metropolitan Plan in the sum of $5,758.34.

12.     On June 15, 2022, plaintiffs sent a pension contribution to the Metropolitan Plan in the sum of $4,880.00.

13.      On or about July 5, 2022, Plaintiffs learned that the two aforementioned checks were cashed by Defendant the **VANGUARD GROUP, INC.** – however, the checks were not deposited in the Metropolitan Plan's appropriate account, and were instead deposited into an unauthorized account.

14.     Accordingly, as a result of the foregoing, Plaintiffs sustained damages in terms of not only the principal investment of the checks, which constituted the principal investment toward the Metropolitan Plan for June 1 and June 15, respectively, but also the loss of earnings and investment income for those periods as well.

15.     On or about July 14, 2022, the Plaintiffs received notice the check for $4,880.00 was finally deposited into its proper account – however, the check for $5,758.34 remains delinquent in an unauthorized account as of present date.

16.     More importantly, because of the apparent interruption in regular investment payments for June 1 and June 15, 2022, Plaintiffs suffered the increased risk and fear of future injury that the Metropolitan Plan was not '*continuously*' paid into as a result of the purported interruption. Thus, the said interruption caused and may cause the Plaintiffs the loss of legal rights/determinations regarding the payout of the Plan, as well as the amount of payout of the Plan as a direct result of Defendant's actions and omissions.

17.     In addition, it is well-established that pursuant to ERISA, failing to deposit salary deferrals on a timely basis is a fiduciary violation and could subject the plan to the U.S. Department of Labor's (DOL's) civil penalties and could violate the plan's terms.

18.     In that regard, because it is a violation of the Employee Retirement Income Security Act (ERISA) for an individual to delay the deposit of plan assets, plan fiduciaries will have committed various breaches of fiduciary duty (failure to act for the exclusive purpose of providing benefits to plan participants and beneficiaries and self-dealing in plan assets). This can result in the employer engaging in a prohibited transaction for which it can be assessed excise tax.

19.     In this vein, the general rule regarding the timing of the deposit of participant contributions to pension plans is that the contributions must be deposited no later than the fifteenth (15th) business day of the month following the month in which the participant contributions are received by the employer or withheld from the participants' wages.[1]

20.     The increased risk and fear of future injury due to Defendant's neglect and disregard has also directly resulted in Plaintiff **VLADIMIR KATS** to cease to continue paying into the 'Metropolitan Learning Institute' Plan, and thus caused and may cause in the Plan's diminution in value as a direct result.

21.     The above facts and circumstances caused Plaintiffs to incur damages, which are not only limited to pecuniary damages as described herein, but also include: emotional angst and resultant increased stress levels, which conditions caused and may cause loss of sleep as a direct result of Defendant's actions and omissions.

---

[1] The DOL has found contributions to be late as early as two (2) business days after such contributions were received by the employer if the employer's facts and circumstances support such conclusion. Participant contributions not deposited within this timeframe may subject the employer to an excise tax. Accordingly, as a result, Plaintiff may have as yet unknown tax burdens based on these facts at bar.

### The Employee Retirement
### Income Security Act (ERISA)

22.     As a member of the Metropolitan Plan, Plaintiffs were entitled to certain rights and privileges as defined in the ERISA, as well as the right for the Plan administrator to act prudently in accordance with its fiduciary duty.

23.     This ERISA fiduciaries must discharge their responsibilities "with the care, skill, prudence, and diligence" that a prudent person "acting in a like capacity and familiar with such matters would use." 29 U.S.C. §1104(a)(1)(B).

24.     Black's Law Dictionary defines 'prudence' as: *Carefulness, precaution, attentiveness, and good judgment, as applied to action or conduct. That degree of care required by the exigencies or circumstances under which it is to be exercised. Cronk v. Railway Co., 52 N.W. 420, 3 S.D. 93. This term, in the language of the law, is commonly associated with "care" and "diligence" and contrasted with "negligence."*

25.     It is submitted that Defendant **THE VANGUARD GROUP, INC.** has thus not lived up to the fiduciary standard of 'attentiveness' and 'good judgment' in dealing with the safety, security, and integrity of the assets of their Plan. Rather, by permitting the funds that were specifically marked for the 'Metropolitan Learning Institute' Plan to turn up in an unauthorized account, an inescapable conclusion can be drawn that the safety, security, and integrity of the clients' assets has been met with neglect and disregard by the Defendant.

26.     Upon information and belief, the day-to-day technical, physical, and administrative safeguards provided by Defendant are inadequate as a result of the foregoing.

27.     Upon information and belief, the day-to-day administrative operations of the Plan in terms of security and compliance measures were inappropriately relegated in relation to

the other available security options and other available security trade-offs in the Defendant's discretionary control of the plan, thus signifying imprudent decision-making by the Defendant.

28.    Upon information and belief, the foregoing inadequacy was the direct result of the failure of Defendant to ensure the safety, security, and integrity of the clients' assets in lieu of cost-cutting measures that would result in greater profitability for the Defendant.

29.    The U.S. Department of Labor's ("DOL") website states the following in regards to ERISA:

> The goal of Title I of ERISA is to protect the interests of participants and their beneficiaries in employee benefit plans. Also, those individuals who manage plans (and other fiduciaries) must meet certain standards of conduct, derived from the common law of trusts and made applicable (with certain modifications) to all fiduciaries.
> (*https://www.plansponsor.com/alight-ordered-comply-dol-subpoena-related-cybersecurity-incidents/?layout=print*)

30.    By definition, common law trusts must provide privacy and security as a paramount component for the beneficiary of the trust *i.e.*, where there is no privacy or security, there can be no "trust."

31.    Upon information and belief, in recent years the DOL's Employee Benefits Security Administration (EBSA) began investigating a number of ERISA plans in recent years to determine whether any violations of Title I of ERISA had occurred.

32.    Upon information and belief, the agency's investigation in recent years resulted in the discovery that a number of plans had processed unauthorized distributions as a result of cybersecurity/other breaches relating to its ERISA plan clients' accounts.

33.     Pursuant to ERISA § 409(a), 29 U.S.C. § 110(a), any fiduciary who breaches any of the responsibilities, obligations or duties imposed by ERISA § 404 shall be personally liable to make good to a plan any losses to that plan resulting from each breach and shall be subject to such other equitable and remedial relief as the court may deem appropriate.

34.     Pursuant to ERISA § 404, Defendant had a duty to discharge their duties with respect to the Plan solely in the interests of the Participants and for the exclusive purpose of providing benefits to the Participants.

35.     Pursuant to ERISA § (21)(A), a person is a fiduciary with respect to a plan to the extent (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

36.     Accordingly, as a result of the aforementioned, Defendant's negligence as described herein is therefore part of a larger trend by ERISA plan administrators that was alleged by the DOL to have violated its duty of care to its clients in recent years. In that vein, the ERISA plan administrators are alleged by the DOL to have failed to provide normal safeguards and normal compliance measures to protect a plan's assets to the detriment of plan owners, such as the Plaintiffs.

**CLASS ACTION ALLEGATIONS**

37.     Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class:

> All persons or entities that reside in the United States who entered into a Vanguard Group, Inc. Plan during the period between June 1, 2022, and the date of the final disposition of this action, and/or such class or subclass as the Court may deem appropriate (the "Nationwide Class").

38.    Plaintiffs reserve the right to amend the definition of the Nationwide Class if discovery and further investigation reveals that the classes should be expanded or otherwise modified.

39.    The members of the Nationwide Class are so numerous that joinder of all members of each class is impracticable. At this time, Plaintiffs believes that the Nationwide Class includes hundreds to thousands of members. Therefore, each class is sufficiently numerous that joinder of all members of the classes in a single action is impracticable, and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

**Typicality**

40.    Plaintiffs' claims are typical of the claims of the members of the class whom they seek to represent because Plaintiffs and the member of each class have been subjected to the same improper practices by Defendant and have been damaged in the same manner.

**Adequacy**

41.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the classes. Plaintiffs have no interests that are adverse to those of the members of each class that they seek to represent. Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel that is competent and experienced in handling complex class action litigation on behalf of consumers.

42.    The common questions of fact include, but are not limited to, the following:

a) Whether the nationwide practice by Defendant of falsely assuring that they are a trusted fiduciary, then carelessly flouted the safety, security, and integrity of their clients' assets in breach of their duty of care and in breach of their fiduciary duty.

b) Whether Defendant committed any negligence or made any negligent misrepresentations;

c) Whether Defendant was unjustly enriched as a result of circumventing their duty of care; and

d) Whether Plaintiffs and members of the classes are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

43.    Plaintiffs are not aware of any difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

**Rule 23(b)(1)**

44.    The requirements of Rule 23(b)(1)(A) are satisfied in this case. Fiduciaries of ERISA covered plans have a legal obligation to act consistently with respect to all similarly situated participants and to uniformly act in the best interests of the Plan and their participants. As this action challenges whether the Plan fiduciaries acted consistently with their fiduciary duties to the Plan, prosecution of separate actions by individual members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct in the administration of the Plan.

45.    The requirements of Rule 23(b)(1)(B) are also satisfied in this case. Administration of an ERISA plan requires that all similarly situated participants be treated consistently. As such, whether Defendants fulfilled their fiduciary obligations with respect to the Plan and

the Plan's participants in this action would, as a practical matter, be dispositive of the interests of the other members of the Class regardless of whether they are parties to the adjudication.

**Rule 23(b)(2)**

46.     Among the relief sought on behalf of the Class is a determination that the Plan fiduciaries breached their fiduciary duties (and that the non-fiduciaries knowingly participated in those breaches or violations), a determination of the amount by which those breaches adversely affected the Plan, and an order requiring Defendants to make good those losses to the Plan and restore any profits to the Plan. Such relief is accomplished by issuance of a declaration or an injunction and therefore the primary requested relief constitutes final injunctive or declaratory on behalf the Class with respect to the Plan.

**Rule 23(b)(3)**

47.     A class can be certified under 23(b)(3) because common issues of fact and law predominate over individual issues and a class action is the superior method for adjudication of the claims asserted herein in light of the manageability of the class action claims and cohesion of the class.

**AS AND FOR A FIRST
CLAIM AGAINST DEFENDANT
(Breach of Fiduciary Duty)**

48.     Plaintiffs reallege and incorporate herein by reference the allegations set forth.

49.     At all relevant times herein a fiduciary relationship existed/and still exists between Plaintiffs and Defendant, signifying a relationship of trust and confidence whereby the agent is bound to exercise the utmost good faith and undivided loyalty toward the principal throughout the relationship.

50.     Defendant **THE VANGUARD GROUP, INC.** carelessly deposited Plaintiffs' principal investments for June 1 and 15, 2022 in an unauthorized account in contravention of ERISA as well as its fiduciary policy.

51.     The Defendant, by its negligent, careless and reckless actions and omissions violated ERISA as aforesaid, and breached the relationship of trust and confidence whereby the agent is bound to exercise the utmost good faith and loyalty toward the principal throughout the relationship.

52.     By their failing to properly monitor and discharge their duty under the Plan, Defendant breached each of these fiduciary duties in the Defendant's discretionary control to provide appropriate safety and security of the Plan's assets.

53.     As a consequence of Defendant's breaches, the Plan suffered losses as aforesaid.

54.     Defendant is individually liable to make good to the Plan any losses to the Plan resulting from each breach.

55.     Pursuant to ERISA § 502(a)(3), 11 U.S.C. § 1132(a)(3), the Court should also award appropriate equitable relief, including in the form of restitution.

**AS AND FOR A SECOND CLAIM – BREACH OF THE DUTY
TO PROPERLY SECURE, MONITOR, AND INFORM
THE PLAN BENEFICIARIES
(Breach of Duty of Care – Negligence)**

56.     Plaintiffs reallege and incorporate herein by reference the allegations set forth above.

57.     Defendant had the duty and responsibility to properly monitor and inform the Plan beneficiaries and/or other persons who exercised day-to-day responsibility for the management and administration of the Plan and its assets.

58.    The monitoring Defendant failed to properly secure, monitor, and inform such persons in that the monitoring Defendant failed to adequately inform such persons about the aforementioned lost/missing checks.

59.    As a consequence of Defendant's breaches, the Plan suffered losses as aforesaid.

60.    Defendant is individually liable to make good to the Plan any losses to the Plan resulting from each breach.

61.    Pursuant to ERISA § 502(a)(3), 11 U.S.C. § 1132(a)(3), the Court should also award appropriate equitable relief, including in the form of restitution.

**WHEREFORE,** by reason of the negligence, carelessness and recklessness of the Defendant, its agents, employees and representatives, the Plaintiffs have been injured, have increased risk and fear of future injury, and have been damaged in an amount to be determined at trial and demands judgment against the Defendant:

    **THE VANGUARD GROUP, INC.,** an amount to be determined upon the trial of this action but exceeding all jurisdictional limits of all lower courts; together with interest and the costs and disbursements of this action and such other and further relief as to the Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiffs respectfully request this Court to enter judgment in their favor and against Defendant as follows:

1. An Order compelling Defendants to make good to the Plan all losses to the Plan resulting from Defendants' breaches of their fiduciary duties, and to restore to the Plan all profits  if Defendants had fulfilled their fiduciary obligations;

2. Awarding Plaintiffs on the claims herein for the sum to be determined by the honorable Court;

3. Granting such other and further relief as the Court deems just and proper, including the costs of this action.

Dated: September 6, 2022

Christopher Rykaczewski, Esq.
(pro hac vice application forthcoming)
*Attorney for Plaintiffs*
*Boris Davidoff, Olga Davidoff, Leonard Davidoff, Yuriy Davidoff, James Bruce, and Vladimir Kats*
97-77 Queens Boulevard, 9th Floor
Rego Park, NY 11374
P: 201-953-4450; F: 718-897-5667
*Regoparkattorney@gmail.com*

To: The Vanguard Group, Inc.,
Attn: Office of the General Counsel - M35
100 Vanguard Boulevard
Malvern, PA 19355