UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BORIS DAVIDOFF,
OLGA DAVIDOFF,
LEONARD DAVIDOFF,                                      **REPORT AND**
YURIY DAVIDOFF,                                           **RECOMMENDATION**
JAMES BRUCE and
VLADIMIR KATS, on behalf of themselves        22-CV-5329 (ENV)(SIL)
and others similarly situated,

                     Plaintiffs,
     -against-

THE VANGUARD GROUP, INC., THE
VANGUARD FIDUCIARY TRUST
COMPANY, AND
VANGUARD MARKETING CORPORATION,

                     Defendants.
------------------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

       Presently before the Court in this ERISA-breach of fiduciary duty, breach of duty of care and breach of contract class action, on referral from the Honorable Eric N. Vitaliano, is Plaintiffs Boris, Olga, Leonard and Yuriy Davidoffs', James Bruce's and Vladimir Kats's (collectively, "Plaintiffs" or the "Plan Participants") motion for leave to file a Second Amended Complaint (or "2d Am. Compl."). *See* Motion for Leave to File Second Amended Complaint ("Plaintiffs' Motion" or "Pls. Mot."), Docket Entry ("DE") [29]. By way of their complaint ("Complaint" or "Compl.") dated September 8, 2022, Plaintiffs commenced this class action against Defendant The Vanguard Group, Inc., ("VGI") for: (i) breach of fiduciary duty; (ii) breach of the duty of care and (iii) negligence in connection with VGI's administrative recordkeeping services for the

1

Metropolitan Learning Institute ("Metropolitan") Pension Plan (the "Plan"). *See* Compl., DE [1]. On November 16, 2022—prior to VGI answering or otherwise responding to the Complaint—Plaintiffs filed an Amended Complaint ("Am. Compl."), DE [11], adding Defendants Vanguard Marketing Corporation ("VMC") and the Vanguard Fiduciary Trust Company ("VFTC") (collectively, with VGI, "Defendants"), as well as a breach of contract cause of action. *See* Am. Compl., ¶¶ 8-15, 104-07. VGI moved to dismiss the Amended Complaint, *see* DE [21], on March 13, 2023, which motion is still pending. On April 13, 2023, the Plan Participants filed Plaintiffs' Motion, which is presently before the Court. In this motion, Plaintiffs seek to add factual details to their breach of contract claim and introduce a state law cause of action for "assumpsit, quantum meruit, implied or quasi-contract, common law restitution and unjust enrichment." *See* Proposed 2d Am. Compl., DE [29-2], at ¶¶ 104-30. Defendants oppose. *See* Memorandum in Opposition ("Defs. Opp."), DE [29-5]. For the reasons set forth herein, the Court respectfully recommends denying Plaintiffs' Motion in its entirety.

## BACKGROUND

### A. Relevant Facts

Unless otherwise indicated, the facts below are taken from the Amended Complaint and are assumed true for purposes of deciding this Motion. Plaintiffs are participants in the Plan, a defined contribution or "403(b)" employee benefit plan that is governed by the Employee Retirement Income Security Act ("ERISA"), 29 USC §§ 1001 *et seq.* Am. Compl., ¶¶ 17, 31; *see* 29 U.S.C. §§ 1002 (2), (3) (a plan that is maintained by an employer or an employee organization to provide retirement income

2

to employees is subject to ERISA, unless an exception applies). Certain Metropolitan employees are eligible for participation in the Plan. Am. Compl., ¶ 17. VGI is the Plan's recordkeeper, *see id.*, ¶ 18, and the parent company of co-defendants VFTC and VMC, *see id.*, ¶¶ 22, 89. VFTC acts as an "investment manager of collective trust accounts, including 403(b) plans." *Id.*, ¶ 10. The Amended Complaint does not explain VMC's role with respect to the Plan. The Plan Participants allege that: (i) VFTC "owed Plaintiffs a fiduciary duty to invest and monitor Plaintiffs' pension plan assets with prudence and diligence"; (ii) that VFTC and VMC had an "ancillary fiduciary duty" to spend the correct amount of Plan money—not too little and not too much—on security measures and on compensating the Plan's recordkeeper; and (iii) that VFTC and VMC had an "ancillary fiduciary duty" to "monitor[ ] the [P]lan's safety and security." *See id.*, ¶¶ 19-20, 23-26.

Plaintiffs began making contributions to the Plan in or around 2002. *Id.*, ¶ 33. On June 1, 2022, the Plan Participants made a $5,758.84 contribution to the Plan *via* a check addressed to "Newport Trust Company FBO Plan" and sent in the mail. *See* Check dated June 1, 2022 ("June 1st Check"), DE [11-1] at 2. The Amended Complaint sheds no light on the identity of the Newport Trust Company FBO Plan. Two weeks later, Plaintiffs made another contribution in the same fashion, this time for $4,880.00. *See* Check dated June 15, 2022 ("June 15th Check"), DE [11-1] at 1. The Plan Participants allege that on or about July 5, 2022, they learned that these checks were cashed by Defendants but were not deposited into the Plan's account. Am. Compl., ¶ 36. The June 15th Check was later deposited into the Plan's account

3

on or about July 14, 2022, but the June 1st Check had not been deposited by the time Plaintiffs filed their Motion. *Id.*, ¶ 38. The Plan Participants attempted to contact Defendants' corporate help desk throughout June and July 2022 but were unsatisfied with the support they received. *Id.*, ¶¶ 54-55. As a result, Plaintiffs claim that they suffered from "the increased risk and fear of future injury" because of this delay, "loss of legal rights/determinations regarding the payout of the Plan," "as yet unknown tax burdens," and damages of "at least $5,758.34." *See id.*, ¶¶ 39, 41, 42, n.1.

### B. Procedural History

Based on the above, Plaintiffs commenced this ERISA-breach of fiduciary duty, breach of duty of care and breach of contract class action on September 8, 2022. *See* Compl. On October 26, 2022, VGI moved for a pre-motion conference in anticipation of its forthcoming motion to dismiss. *See* Motion for Pre-Motion Conference, DE [10]. On November 7, 2022, Judge Vitaliano granted VGI permission to file its motion without a conference. *See* Order dated Nov. 7, 2022. Before VGI did so, the Plan Participants filed their Amended Complaint on November 16, 2022, adding VMC and VFTC as Defendants, as well as a breach of contract cause of action. *See* Am. Compl., ¶¶ 8-15, 104-107. Defendant VGI moved to dismiss the Amended Complaint on March 13, 2023, *see* DE [21], and Defendants VMC and VFTC joined that motion on March 21, 2023. *See* DE [26]; Order dated Apr. 19, 2023.

On April 13, 2023, the Plan Participants filed Plaintiffs' Motion. In their Proposed Second Amended Complaint, DE [29-2], Plaintiffs seek to add details to their breach of contract claim and a new state law cause of action under "principles

4

of assumpsit, quantum meruit, implied or quasi-contract, common law restitution and unjust enrichment." *See* Prop. 2d. Am. Compl., ¶¶ 126-30. The new breach of contract claim relies on an "agreement" that Plaintiffs allege exists "with Defendants in order to provide administration and safeguarding of a [§] 403(b) investment plan pursuant to particular terms." Prop. 2d Am. Compl., ¶ 105. The Plan Participants claim that Defendants breached this agreement by placing $5,758.84 "in an unauthorized account." *Id.*, ¶ 106. In the Proposed Second Amended Complaint, Plaintiffs identify three documents they contend are contracts: (1) a "Vanguard 403(b) Services [E]stablishment [F]orm," (2) a "Vanguard 403(b)(7) [N]ew [P]lan [A]uthorization [F]orm," and (3) a "Vanguard 403(b) Services Administrative and Recordkeeping Service Description" ("Service Description"). Prop. 2d Am. Compl., ¶¶ 108-09. Only the Service Description is attached to Plaintiffs' Motion, and none of the three documents is attached to either complaint. *See* Service Description, DE [29-1].

The Plan Participants' proposed "quantum meruit/common law restitution/unjust enrichment" cause of action alleges that they "conferred upon Defendants economic benefits in the form of percentage based in [*sic*] contributions to [the Plan], either directly or indirectly, for investment services" for the Plan. Prop. 2d Am. Compl., ¶¶ 127, 129. Plaintiffs allege that "Vanguard[1] accepted or retained these economic benefits with awareness that Plaintiffs were paying for recordkeeping

---

[1] Plaintiffs do not specify to which Vanguard entity they are referring.

5

and customer service services and not receiving the benefit of those services," and that this retention is unjust.  *Id.*, ¶¶ 128, 130.

## II. LEGAL STANDARDS

### A. Leave to Amend a Pleading

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after its first amendment of a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2); *see Lucente v. International Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).  A court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)).  Leave to amend should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party."  *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).  The party opposing a motion to amend bears the burden of establishing that the amendment should be denied.  *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting *Cummings–Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

"The futility of an amendment is determined by whether it could survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)."  *E&E Co. v.*

6

*London Luxury LLC*, 571 F. Supp. 3d 64, 67 (S.D.N.Y. 2021) (citation omitted).  To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)).  In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)). "Because determinations of futility on a motion for leave to amend are subject to the same standards as motions under Rule 12(b)(6), futility is generally adjudicated without resort to any evidence outside the face of the complaint." *Gary Friedrich Enterprises, LLC*, No. 08-CV-1533, 2011 WL 1142916, at *4 (S.D.N.Y. Mar. 22, 2011) (citation omitted).  "The Court may properly consider documents attached to the complaint as exhibits, incorporated by reference, or integral to the Complaint, however." *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, 314 F. Supp. 3d 497, 502 n.2 (S.D.N.Y. 2018), *aff'd*, 771 F. App'x 498 (2d Cir. 2019).

Where a plaintiff seeks leave to amend a complaint by adding a state law claim that would be preempted by federal law, the proposed amendment "must be rejected as futile." *Shearon v. Comfort Tech Mech. Co.*, 936 F. Supp. 2d 143, 160 (E.D.N.Y. 2013); *see Gayle v. Pfizer Inc.*, 452 F. Supp. 3d 78, 90 (S.D.N.Y. 2020), *aff'd*, 847 F. App'x 79 (2d Cir. 2021).

7

### B. Breach of Contract

Initially, the parties do not dispute that Delaware law applies to the Plan Participants' breach of contact cause of action. *See* Pls. Mot at 5; Defs. Opp. at 9. Accordingly, the Court will apply Delaware law to this claim. *See Sole Resort, S.A. De C.V. v. Allure Resort Mgmt., LLC*, No. 07-1284-CV, 2008 WL 4643787, at *1, n.2 (2d Cir. Oct. 20, 2008) (applying Delaware law to a contract at issue where the parties agreed Delaware law governed that contract); *Logical Operations, Inc. v. CompTIA, Inc.*, No. 20-CV-06238, 2021 WL 1099619, at *4 (W.D.N.Y. Mar. 23, 2021) (same).

Under Delaware law, "[a]s a general rule, only parties to a contract and intended third-party beneficiaries may enforce an agreement's provisions." *E.I. du Pont de Nemours & Co. v. MacDermid Printing Sols. L.L.C.*, 248 F. Supp. 3d 570, 575 (D. Del. 2017) (citing *NAMA Holdings, LLC v. Related World Market Ctr., LLC*, 922 A.2d 417, 434 (Del. Ch. 2007)). A third-party beneficiary only exists if "the contracting parties… intended that the third-party beneficiary benefit from the contract." *Phifer v. Sevenson Env't Servs., Inc.*, 619 F. App'x 153, 156 (3d Cir. 2015) (citation omitted). The existence of this intent "is to be determined from the language of the contract." *Delaware State Univ. v. Thomas Co., Inc.*, No. 15-CV-1144, 2020 WL 6799605, at *34 (D. Del. Nov. 19, 2020) (citing *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 535 (3d Cir. 1988)). "The party attempting to assert third-party beneficiary status bears the burden of demonstrating that status." *Delaware State Univ.*, 2020 WL 6799605, at *34. A provision in a contract expressly disclaiming the

8

existence of third-party beneficiaries will generally be upheld by Delaware courts in the absence of "more specific language demonstrating an intent to benefit a third party," which may "occasionally" override such a provision. *Crispo v. Musk*, No. 2022-0666-KSJM, 2023 WL 7154477, at *4-5 (Del. Ch. Oct. 31, 2023) (collecting cases). Further, incidental, as opposed to intended, beneficiaries cannot enforce a contract: "'[I]f it was not the promisee's intention to confer direct benefits upon a third party, but rather such third party happens to benefit from the performance of the promise… then the third party will have no enforceable rights under the contract.'" *Eastman Chem. Co. v. AlphaPet Inc.*, No. 09-CV-971, 2011 WL 6004079, at *8 (D. Del. Nov. 4, 2011) (citing *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 196 (3d Cir. 2001)).

Extrinsic evidence may only be considered by a court performing contract interpretation if the language of the contract is ambiguous. *See Exelon Generation Acquisitions, LLC v. Deere & Co.*, 176 A.3d 1262, 1267 (Del. 2017) ("If a contract is unambiguous, extrinsic evidence may not be used to interpret the intent of the parties [or] to vary the terms of the contract") (citation omitted).

### C. ERISA Express Preemption

ERISA, 29 U.S.C. § 1001 *et seq.*, provides a private right of action to a participant, among others, of an ERISA plan. *See* 29 U.S.C. § 1132(a). In terms of coverage, ERISA "applies generally to all employee benefit plans sponsored by an employer or employee organization," unless an enumerated exception applies. *D.C. v. Greater Washington Bd. of Trade*, 506 U.S. 125, 127, 113 S. Ct. 580, 582 (1992); *see*

9

29 U.S.C. §§ 1003 (a), (b).  A state law cause of action is preempted by ERISA when that claim "'relate[s] to any employee benefit plan' covered by ERISA." *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 146, 121 S. Ct. 1322, 1324 (2001) (citing 29 U.S.C. § 1144(a)).

Where a plan participant who "believes that benefits promised to him under the terms of the plan are not provided," and "bring[s] suit seeking provision of those benefits… where no legal duty (state or federal) independent of ERISA or the plan terms is violated… then the [participant's] cause of action is completely pre-empted by" 29 U.S.C. § 1132(a)(1)(B).  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210, 124 S. Ct. 2488, 2496 (2004).  Further, if "the interpretation of the terms of [participants'] benefit plans forms an essential part of their [state law] claim, and…liability [under that state law] would exist… only because of [Defendants'] administration of ERISA-regulated benefit plans," ERISA preempts that state law cause of action.  *Id.*, 542 U.S. at 213, 124 S. Ct. at 2498.  If a state law claim is so preempted, it must be dismissed, *see Chau v. Hartford Life Ins. Co.*, 167 F. Supp. 3d 564, 566, 571 (S.D.N.Y. 2016), because ERISA provides the "exclusive" remedy for the relief sought.  *Davila*, 542 U.S. at 209, 124 S. Ct. at 2495.  Moreover, a court may *sua sponte* dismiss state law claims that are preempted by ERISA.  *See, e.g., Evolution Fast Food Gen. P'ship v. HVFG, LLC*, No. 15-CV-6624 (DAB), 2018 WL 1779377, at *3, n.1 (S.D.N.Y. Mar. 28, 2018) (collecting cases); *Sheet Metal Workers' Nat. Pension Fund v. AUL Sheet Metal Works Inc.*, No. 10-CV-1371 KBF, 2012 WL 32237, at *5 (S.D.N.Y. Jan. 5, 2012);

10

*Jones v. UNUM Provident Ins.*, No. 106-CV-01427, 2007 WL 2609791, at *8 (N.D.N.Y. Sept. 5, 2007); *Burgie v. Euro Brokers, Inc.*, 482 F. Supp. 2d 302, 308 (E.D.N.Y. 2007).

### III.  DISCUSSION

#### A. Plaintiffs' Proposed Amendments to Its Breach of Contract Claim are Futile.

Plaintiffs identify three potential contracts on which they base this claim:  (1) the Service Description, attached to Plaintiffs' Motion at DE [29-1]; (2) a "Vanguard 403(b) Services [E]stablishment [F]orm; and (3) a "Vanguard 403(b)(7) [N]ew [P]lan [A]uthorization [F]orm." Prop. 2d Am. Compl., ¶¶ 108-09.  The latter two documents are not provided in the briefing on this motion, although a document by this name appears as Exhibit 1 to VGI's Motion to Dismiss the Amended Complaint.  *See* DE [21-5].  The Plan Participants allege that, "upon information and belief," the Service Description "was incorporated by reference in one or more of the forms" they signed. *Id.*, ¶ 110.  Plaintiffs further allege that they are third-party beneficiaries to the Vanguard 403(b) Services Establishment Form and the Vanguard 403(b)(7) New Plan Authorization Form (collectively, "the Agreement"),[2]  to which Metropolitan and "Vanguard" are parties.[3]  *Id.*, ¶¶ 108, 111-12.

As set forth above, however, unless Plaintiffs adequately plead that they are either parties to a contract that was breached, or third-party beneficiaries of that contract, they cannot bring a breach of contract claim.  *See E.I. du Pont de Nemours*

---

[2] Plaintiffs appear to use the term "the Agreement" and "the Agreements" interchangeably.  They define the term "the Agreement" to include the Vanguard 403(b) Services Establishment Form and the Vanguard 403(b)(7) New Plan Authorization Form.  *See* Prop. 2d Am. Compl., ¶ 108.
[3] Plaintiffs do not specify which Vanguard entity is purportedly a party to the Agreement.

11

*& Co.*, 248 F. Supp. 3d at 575.  The Plan Participants have not sufficiently alleged either scenario here.  As to the purported incorporation of the Service Description into unidentified forms signed by Plaintiffs, *see* Prop. 2d Am. Compl., ¶ 110, "[a] litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018).  Plaintiffs do not identify any of the "one or more forms" they signed into which the Service Description was purportedly incorporated or provide any factual support for this "information and belief."  Accordingly, this allegation cannot survive a motion to dismiss.

Further, the burden is with the Plan Participants to demonstrate that the parties to the alleged contracts at issue—here, purportedly Metropolitan and one or more Defendants—intended to confer third-party beneficiary status on them. *Delaware State Univ.*, 2020 WL 6799605, at *34.  The analysis depends upon the language of the contract. *Id.*  The Plan Participants make two attempts to point to such language.  Initially, they refer to a requirement within the Vanguard 403(b)(7) New Plan Authorization Form that employees sign another form, asserting that these signed forms create a "traceable paper trail" to participants. *See* Prop. 2d. Am. Compl., ¶ 112.  But Plaintiffs do not explain how this "paper trail" confers a *benefit* on participants, rather than merely creating an index of employees.  In addition, the Plan Participants attempt to introduce extrinsic evidence of a Vanguard[4] "online memorandum" to establish their third-party beneficiary status, *see* Prop. 2d Am.

---

[4] Plaintiffs again do not specify which Vanguard entity published this memorandum.

12

Compl. ¶ 113, but do not allege that any purported contract is ambiguous, which is required for a court to consider extrinsic evidence in contract interpretation. *See Exelon Generation Acquisitions, LLC*, 176 A.3d at 1267. Accordingly, this memorandum cannot meet the Plan Participants' burden to show that the parties to any contract intended to create a third-party beneficiary.

In their Reply, Plaintiffs allege for the first time that they are also third-party beneficiaries of the Service Description, pointing to a provision of this document that states:

> Upon request, Vanguard will assist the Employer or its authorized representative in locating missing Participants and take action upon Direction from the Employer or its authorized representative with respect to benefits for missing Participants and for unclaimed distribution checks.

Plaintiffs' Reply, DE [29-6], at 5 (citing Service Description at 3, Schedule A, ¶ 19).[5] To the extent that Plaintiffs intended to make this allegation in their Proposed Second Amended Complaint, it would be futile. VGI's promises enumerated in this section are explicitly *to the Employer*, and any benefits that a participant may receive by virtue of this section are merely incidental to VGI's performance of that promise. *See E.I. DuPont de Nemours & Co.*, 269 F.3d at 196 (explaining that a third party's receipt of benefits incidental to the performance of obligations between the parties to a contract will not confer third-party beneficiary status). This tangential receipt of

---

[5] The Court has some difficulty understanding the remainder of Plaintiffs' argument in this section of their Reply. To the extent Plaintiffs argue that a version of the Service Description submitted by Defendants is inaccurate or misleading, the Court clarifies that it bases this portion of its Report and Recommendation only on the Service Description that Plaintiffs themselves attach to their Motion at DE [29-1] and cite in their Reply at Page 5.

13

benefits does not meet the Plan Participants' burden to plead that they are intended third-party beneficiaries of a contract sufficient to support a claim. Further, the Service Description expressly disclaims the creation of any such relationship. *See* Service Description, ¶ 10.4. The Plan Participants must therefore identify "more specific language demonstrating an intent to benefit a third party" despite this disclaimer to adequately plead that they are third-party beneficiaries to the Service Description. *Crispo*, 2023 WL 7154477, at *5. As explained above, they have failed in this regard.

Because Plaintiffs fail to sufficiently allege that they were parties to, or third-party beneficiaries of, any contract named in their proposed amended breach of contract claim, this cause of action would not survive a motion to dismiss. Accordingly, the Court recommends that Plaintiffs' Motion be denied with respect to their proposed amended breach of contract cause of action.

### B. Plaintiffs' Proposed *Quantum Meruit*/Common Law Restitution/Unjust Enrichment Claim is Preempted.

The Plan Participants also propose to add a cause of action under "principles of assumpsit, quantum meruit, implied or quasi-contract, common law restitution and unjust enrichment." *See* Prop. 2d. Am. Compl., ¶¶ 126-30. The Court need not analyze each of these state law claims separately, because they are all preempted by ERISA.[6] Plaintiffs base this cause of action on Defendants' receipt of "economic

---

[6] The Court cannot conclude that Plaintiffs' breach of contract claim is similarly preempted. *See Stevenson v. Bank of New York Co.*, 609 F.3d 56, 60-61 (2d Cir. 2010) (holding that where a plaintiff's state law claims derived not from the terms of a benefit plans but "rather from a separate promise that references various benefit plans," those state law causes of action were not preempted by ERISA).

14

benefits" by way of the Plan Participants' contributions to the Plan, *id.*, ¶ 127, alleging that Defendants received these payments for "investment services" and "recordkeeping and customer service services" that they provided to the Plan. *Id.*, ¶¶ 127-28. The Plan Participants claim that they did not receive the benefit of those services. *Id.*, ¶ 128.

The parties do not dispute that the Plan is subject to ERISA. *See id.*, ¶ 17; Defs. Opp., at 1. Moreover, this newly proposed cause of action is premised upon "benefits promised to [Plaintiffs] under the terms of the [P]lan [that were] not provided." *Davila*, 542 U.S. at 210, 124 S. Ct. at 2496; *see* Prop. 2d Am. Compl, ¶ 128. This proposed state claim, however, does not allege that any "legal duty (state or federal) independent of ERISA or the plan terms [has been] violated." *Davila*, 542 U.S. at 210, 124 S. Ct. at 2496. Rather, Plaintiffs point only to the services that they allege Defendants were required to provide *pursuant to the Plan* and to Defendants' receipt of funds from the Plan Participants' contributions *into the Plan*. *See* Prop. 2d Am. Compl., ¶¶ 127-28. Thus, liability under the state law causes of action raised by Plaintiffs "would exist… only because of [Defendants'] administration of ERISA-regulated benefit plans." *Davila*, 542 U.S. at 213, 124 S. Ct. at 2498. The Plan Participants' proposed state law claims are therefore preempted by ERISA. *Id.*, 542 U.S. at 213-14, 124 S. Ct. at 2498. As a result, Plaintiffs' Motion with respect to these claims "must be rejected as futile," *Shearon*, 936 F. Supp. 2d at 160, and the Court recommends that Plaintiffs' Motion be denied as to this cause of action.

15

Because the Court concludes that Plaintiffs' Motion should be denied on futility grounds, it does not consider Defendants' remaining arguments of bad faith or prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court recommends denying Plaintiffs' Motion in its entirety.

## V. OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York  /s/ Steven I. Locke
       January 31, 2024  STEVEN I. LOCKE
                                                    United States Magistrate Judge